PEOPLE ex rel. PATTEN v. WARING.

(Supreme Court, Special Term, New York County. November 6, 1895.)

1. MUNICIPAL CORPORATIONS—REMOVAL OF HONORABLY DISCHARGED SOLDIERS —MANDAMUS.

Where, on application for mandamus to reinstate relator, who claimed to be an honorably discharged soldier, the papers failed to state that, when he was discharged, there were others in the service of the department performing similar duties who were not veterans, and who should have been first discharged, an objection that his discharge was improper for that reason cannot be considered.

2. Same—Registration.

New York City Consolidated Acts, § 704c, requires the commissioner of street cleaning to detail a clerk to act as registration clerk, and that every applicant must state to him under oath his services, if any, in the army and navy in time of war, which answer the clerk must record. To such question relator answered, "None." Later he was discharged. · *Held*, that the commissioner had a right to treat him as a nonveteran, and that he could not claim the privilege extended by statute to honorably discharged soldiers. ;

3. Same.

Laws 1888, c. 119, prohibiting removal of honorably discharged soldiers from the public service, except for cause shown after a hearing, applies only to a removal predicated upon the personal conduct of the employé, and not to discharges solely on the ground of economy in the public service.

Application for peremptory writ of mandamus by the people, on the relation of one Patten, against one Waring, commissioner of street cleaning. Denied.

BEEKMAN, J. The petitioner was an employé of the department of street cleaning in the city of New York as a driver. On the 16th day of June, 1895, he was discharged from his employment, and notified that his services would not be required after that date. No charges were preferred against him, nor is it claimed that he has been guilty of any misconduct. The reason for his discharge is disclosed in a letter addressed to him by the commissioner in the following language:

"You were discharged from this department only because your services were not needed. You have been put on the list for reinstatement when the force is increased, and when it is you will be duly notified."

The petitioner is a veteran of the late Civil War, and received an honorable discharge, and is therefore entitled to the protection and privileges conferred by the veteran laws of this state. He now moves for a peremptory writ of mandamus to compel the commissioner to reinstate him on the ground that he is such a veteran, and could, therefore, only be removed for cause shown after hearing, or, if he was discharged for the purpose of reducing the force, and not for any reason of a personal character, which would require a trial upon charges, then that there were still in the employment of the street-cleaning department others, performing similar services, who were not veterans, and who should, therefore, have been first discharged, in order to give the petitioner the preference in that regard conferred by the veteran laws. The respondent states in his affidavit that the petitioner was dismissed solely for the purpose of reducing expenditures; that at the time of his discharge he had no knowledge that said Patten was an honorably discharged veteran of the late war, and that the registration book in the department of street cleaning shows that when the petitioner entered the employment of the city he did not state that he was a veteran or soldier of the late war. The affidavit of the registration clerk in the department of street cleaning, also furnished, states that the petitioner was registered by him, and at the time of such registration he stated under oath, in response to the inquiry as to his services, if any, in our army or navy in time of war, "None."

Section 704c of the New York City consolidation act, as amended, provides that the commissioner of street cleaning shall detail a clerk to act as registration clerk, and that every applicant for appointment to a position in the uniformed force of the street-cleaning department must state to said clerk under oath his name, residence, age, place of birth, his services, if any, in the army or navy in time of war, his present employment, if any, and his past occupation. The clerk is required to record his answers to these questions. There is an entire absence of any statement in any of the papers presented on behalf of the petitioner showing or tending to show that the commissioner of street cleaning was advised at any time, up to the commencement of these proceedings, that the petitioner was a veteran, or that he claimed the benefit and protection of the veteran laws. It does appear, as we have seen, that, when he was called upon to register, he disclaimed having rendered any services in the army or navy. Under these circumstances the commissioner had a right to treat him as a nonveteran, and he cannot now be heard in the assertion of a privilege which in effect he has disclaimed.

But, assuming that this objection to the issuing of the writ did not exist, the petitioner would still not be entitled to the relief he asks for. The ground of his discharge was not such as to bring his case within the statutory requirement, which prohibits removal except for cause shown after a hearing. Chapter 119, Laws 1888. The statute must receive a reasonable construction, and plainly refers to that class of removals which are predicated upon the personal conduct of the employé. In such cases it is obviously reasonable that the person proceeded against should be offered an opportunity of vindicating himself against charges imputing misconduct or delinquency in the performance of his duties. But where the discharge is contemplated without any imputation upon the employé, and solely on the ground of economy in the public service, it would be highly absurd to gravely notify him that he is to be removed because of a lack of sufficient appropriation, or because of some rearrangement of the force of the department, which renders the employment of so many men unnecessary, and to invite a discussion of this matter between the head of the department and his subordinate. The court may, of course, inquire into the bona fides of the action of the commissioner; but, where his good faith is not open to question, the case is one which does not come within the statute entitling the employé discharged to a hearing.

In respect to the claim, made by the counsel for the petitioner, that in any event the discharge was improper, because there were other employés in the service of the department performing similar duties who were not veterans, and who should have been first discharged, it is sufficient to say that the papers upon which the motion is made failed to state any such fact. The motion for a peremptory writ of mandamus is therefore denied.